IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01093-PAB-MJW

JOHN C. JOHNSON,

Plaintiff,

v.

KATHY HOLT and
SHARON PHILLIPS,

Defendants.

---

**RECOMMENDATION ON MOTION TO DISMISS (DOC. #3)**
**(Docket No. 14)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before this court pursuant to an Order of Reference to United States Magistrate Judge issued by Judge Philip A. Brimmer on July 6, 2010. (Docket No. 10).

The pro se incarcerated plaintiff alleges the following claim of cruel and unusual punishment in his Prisoner Complaint, brought pursuant to 42 U.S.C. § 1983. (Docket No. 3). Plaintiff has paralysis on his right side. Very soon after his arrival at Fort Lyon Correctional Facility, he started to complain to the medical staff about his feet and legs; he needed shoes. Throughout 2009, plaintiff talked to three medical providers, including the two named defendants here, Kathy Holt and Sharon Phillips. "ADA screening was a joke." (Docket No. 3 at 4). The examinations were controlled by financial concerns, and defendant Holt said that the Department of Corrections was not

2

going to buy the plaintiff "special shoes" just because he had paralysis. For an unspecified period of time, plaintiff's wheelchair was taken from him by unspecified person(s), but it was returned after he filed a grievance. Nevertheless, plaintiff was not given shoes. The two named defendants caused plaintiff undue pain and suffering when they refused to give him corrective or medical shoes. Both looked at the plaintiff's "worn out (canvas) tennis shoes that [he] was wearing. They each could see the shoes were torn to the point where [the plaintiff's] feet were and (are) exposed to the elements of the weather." (Docket No. 3 at 5). Plaintiff's feet "stayed cold, wet, and very uncomfortable because of the worn shoes they require that [him to] wear." (Docket No. 3 at 5). Plaintiff seeks monetary and injunctive relief.

Now before the court for a report and recommendation is the defendants' Motion to Dismiss (Docket No. 14) the Prisoner Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the following grounds: (1) failure to state a cognizable Eighth Amendment claim upon which relief can be granted and (2) defendants are entitled to qualified immunity in their individual capacities. Plaintiff has not filed a response to the defendants' motion. The court has considered the motion as well as applicable Federal Rules of Civil Procedure and case law. In addition, the court has taken judicial notice of the court file. The court now being fully informed makes the following findings, conclusions, and recommendation that the motion to dismiss be granted.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo.,

154 F.3d 1124, 1126 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996).  A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  "A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'"  Cutter v. RailAmerica, Inc., 2008 WL 163016, *2 (D. Colo. Jan. 15, 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp., 550 U.S. at 545 (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Id.  "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . .  Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."  Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Bell Atlantic Corp., 127 S. Ct. at 1974).

Since the plaintiff is proceeding without counsel, his pleading has been construed liberally and held to a less stringent standard than formal documents drafted by lawyers.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).  Therefore, "if the court can reasonably read the pleadings to

4

state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. . . . At the same time, . . . it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." Id.

"A prison official's deliberate indifference to an inmate's serious medical needs is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. . . . The test for constitutional liability of prison officials 'involves both an objective and a subjective component.'" Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005). As the Tenth Circuit has explained:

> to properly set forth an Eighth Amendment claim on which relief may be granted, [the prisoner] must set forth facts demonstrating [1] that his alleged medical need . . . was sufficiently serious to meet the objective element of the deliberate indifference test, *and* [2] that the Defendants' delay in meeting that need caused him substantial harm. Finally, to meet the subjective element of the deliberate indifference test, [the prisoner] must allege facts supporting an inference [3] that Defendants knew about and disregarded a substantial risk of harm to his health or safety.

Oxendine v. Kaplan, 241 F.3d 1272, 1276-77 (10th Cir. 2001) (quotations omitted).

Here, the defendants assert that the plaintiff has failed to state a cognizable Eighth Amendment claim upon which relief can be granted because he did not state a sufficiently serious medical need and states nothing more than a disagreement with medical providers. This court agrees with the defendants' arguments.

A "sufficiently serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Gee v. Pacheco, – F.3d

—, 2010 WL 4196034, at *11 (10th Cir. Oct. 26, 2010) (quoting Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000)). Here, plaintiff has not identified in his pleading a doctor's order for special shoes or anything which would alert a lay person for such a need. In fact, plaintiff seems to be merely seeking a replacement for regular canvas shoes, not special medically-necessary shoes. He merely states in his pleading that the defendants have seen that his canvas tennis shoes are worn to the point where his feet are exposed to the elements of the weather, and his feet stay "cold, wet, and very uncomfortable because of the worn shoes they require that [he] wear." (Docket No. 3 at 5). A defendant's failure to fulfill the plaintiff's self-diagnosed need for special shoes, however, is insufficient to establish an Eighth Amendment violation. See id. (failure to treat self-diagnosed ailments is insufficient to establish an Eighth Amendment violation).

Furthermore, defendants' refusal to provide a particular course of treatment, i.e, providing special shoes, preferred by the plaintiff does not constitute deliberate indifference. See Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 811 (10th Cir. 1999) ("a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation"). A medical difference of opinion is not actionable under the Eighth Amendment. Fitzgerald v. Corrections Corp. of Am., 403 F.3d 1134, 1142 (10th Cir. 2005).

In sum, reading plaintiff's pleading liberally, accepting all factual allegations in the pleading as true, and resolving all reasonable inferences in the plaintiff's favor, this court finds that plaintiff has not stated an Eighth Amendment claim against the two named defendants.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Motion to Dismiss (Docket No. 14) be **granted**.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date:  November 23, 2010                                 s/ Michael J. Watanabe
         Denver, Colorado                                      Michael J. Watanabe
                                                                       United States Magistrate Judge